Filed 10/31/14  P. v. Farias CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAUL FARIAS,<br><br>    Defendant and Appellant. | D065162<br><br><br><br>(Super. Ct. No. SCS263956) |


APPEAL from a judgment of the Superior Court of San Diego County,

Tamila E. Ipema, Judge.  Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.


A jury convicted Raul Farias of petty theft and found true an allegation that he had

previously been convicted of three theft-related offenses, one of which was a felony

strike.  The trial court sentenced Farias to the low term of 16 months in prison which was

doubled to 32 months as a result of the felony strike.

Farias's court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We find no arguable issue and affirm.

FACTS

On a morning in February 2013, Bulmaro Estrada heard a noise in the backyard of his apartment and looked out the window.  He saw Farias jump over a chain link fence into his backyard.  Estrada went into the backyard and saw Farias.  Estrada struggled with Farias and prevented him from escaping by knocking him down.

Estrada's wife called 911 and Estrada got on the phone to talk to the 911 operator.  The police arrived shortly thereafter and detained Farias.  Estrada noticed that three platform dollies he used for moving heavy things were in a vacant lot outside his fence.

Farias testified in his own defense.  He stated he remembered being hit by Estrada in Estrada's patio and being detained by the police, but did not recall anything before that.  Farias testified he drank approximately 18 beers and took one gram of methamphetamine prior to being detained.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below.  He presented no argument for reversal, but asked this court to review the record for error as mandated by *Wende*.  Under *Anders*, he listed as possible but not arguable issues, whether the trial court erred by (1) admitting a recording of the 911 call, (2) admitting Farias's prior convictions under Evidence Code section 1101, subdivision

2

(b), (3) admitting the prior convictions for impeachment purposes, and (4) denying Farias's request to strike his prior strike or reduce his conviction to a misdemeanor. We granted Farias permission to file a brief on his own behalf. He has not responded.

Our review of the record pursuant to *Wende*, including the possible issues listed by counsel pursuant to *Anders*, has disclosed no reasonably arguable issues on appeal. Competent counsel has represented Farias on this appeal.

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

NARES, J.

3